HIGGINSON, Circuit Judge:
Allen Thompson sued the City of Waco for racial discrimination under 42 U.S.C. § 1981 and Title VII. The district court dismissed Thompson’s claims pursuant to Rule 12(b)(6), holding that Thompson failed to allege an adverse employment action. Because Thompson plausibly alleges that he was subject to the equivalent of a demotion, we reverse the district court’s judgment.
I.
Thompson is an African American detective in the Waco Police Department. The Department suspended Thompson and two white detectives based on allegations that they had falsified time sheets. After reinstating the three detectives, the Department imposed written restrictions on Thompson that it did not impose on the two white detectives. The' restrictions state that Thompson cannot (1) search for evidence without supervision; (2) log evidence; (3) work in an undercover capacity; (4) be an affiant in a criminal case; (5) be the evidence officer at a crime scene; and (6) be a lead investigator on an investigation. According to Thompson, these restrictions have stripped him of the “integral and material responsibilities of a detective,” and constitute a demotion. Thompson alleges that he “no -longer functions as a full-fledged detective; he is, effectively, an assistant to other detectives.” He further alleges that his new position has “significantly different and diminished material responsibilities,” is less prestigious, will hinder his opportunities for advancement, and is less interesting. He no longer uses the skills, education, and experience that he had acquired and regularly used as a detective.
II.
We, review a district court’s dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo. Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir.2012) (en banc). We accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff. Id. We need not, however, accept the plaintiffs legal conclusions as true. Ashcroft v. Iqbal, 556 U.S. *503 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). To survive dismissal, a plaintiff must plead “enough facts to state a claim to relief that is plausible on its face.” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). “A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” Iqbal, 556 U.S. at 678, 129 S.Ct. 1937. “Our task, then, is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiffs likelihood of success.” Covington, 675 F.3d at 854 (internal quotation marks and citation omitted).
III.
Title YII makes it unlawful for an employer “to fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual’s race.... ” 42 U.S.C. § 2000e-2(a)(l) (emphasis added). To establish a discrimination claim under Title VII or § 1981, a plaintiff must prove that he or she was subject to an “adverse employment action”—a judicially-coined term referring to an employment decision that affects the terms and conditions of employment. See, e.g., Pegram v. Honeywell, Inc., 361 F.3d 272, 281-82 (5th Cir. 2004); see also Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 62, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (explaining that the language of Title VII’s antidis-crimination provision “explicitly limit[s] the scope of that provision to actions that affect employment or alter the conditions of the workplace”).
For Title VII and § 1981 discrimination claims, we have held that adverse employment actions consist of “ultimate employment decisions” such as hiring, firing, demoting, promoting, granting leave, and compensating. See McCoy v. City of Shreveport, 492 F.3d 551, 560 (5th Cir. 2007); Alvarado v. Tex. Rangers, 492 F.3d 605, 612 (5th Cir.2007); Pegram, 361 F.3d at 282. “[A]n employment action that ‘does not affect job duties, compensation, or benefits’ is not an adverse employment action.” Pegram, 361 F.3d at 282 (quoting Banks v. E. Baton Rouge Parish Sch. Bd., 320 F.3d 570, 575 (5th Cir.2003)).
Additionally, our court has held that a transfer or reassignment can be the equivalent of a demotion, and thus constitute an adverse employment action. See Alvarado, 492 F.3d at 612-15. “[T]o be the equivalent to a demotion, a transfer need not result in a decrease in pay, title, or grade; it can be a demotion if the new position proves objectively worse—such as being less prestigious or less interesting or providing less room for advancement.” Id. at 613 (quoting Sharp v. City of Hous., 164 F.3d 923, 933 (5th Cir.1999)); Pegram, 361 F.3d at 283 (“[A]n employment transfer may qualify as an adverse employment action if the change makes the job objectively worse.” (internal quotation marks omitted)); Hunt v. Rapides Healthcare Sys., LLC, 277 F.3d 757, 770 (5th Cir.2001) (“A job transfer that includes a shift change that involves changes in duties or compensation or can be objectively characterized as a demotion may be an ‘adverse employment action’.... ”); see, e.g., Sharp, 164 F.3d at 933 (“The jury could have viewed transferring from the elite Mounted Patrol to a teaching post at the Police Academy to be, objectively, a demotion.”); Forsyth v. City of Doll., 91 F.3d 769, 774 (5th Cir.1996) (recognizing as demotions the reassignment of two police officers from the Intelligence Unit to night patrol because the Intelligence Unit positions “were more prestigious, had better work *504 ing hours, and were more interesting than night patrol” and “few officers voluntarily-transferred from the Intelligence Unit to night patrol and other officers had been so transferred as punishment”); Click v. Copeland, 970 F.2d 106, 110 (5th Cir.1992).[1]
In this case, the district court held that Thompson failed to allege an adverse employment action because he pleaded only “the loss of some job responsibilities,” without any change in “title, pay, and benefits.” On appeal, Thompson contends that he alleged more than the mere loss of some job responsibilities; he contends that he alleged that the Department stripped him of the “integral and material responsibilities of a detective.” According to Thompson, he no longer functions as a detective; he has been effectively demoted to the position of an assistant detective.
This court has recognized that the mere “loss of some job responsibilities” does not constitute an adverse employment action. See Williams v. U.S. Dept, of Navy, 149 Fed.Appx. 264, 269-70 (5th Cir.2005); Hernandez v. Crawford Bldg. Material Co., 321 F.3d 528, 532 n. 2 (5th Cir.2003) (citing Mota v. Univ. of Tex. Hous. Health Sci. Ctr., 261 F.3d 512, 521 (5th Cir.2001) for the proposition that the “loss of some job duties” is not an ultimate employment decision); Watts v. Kroger Co., 170 F.3d 505, 511-12 (5th Cir.1999) (holding that a change in work schedule and request that an employee perform two additional tasks did not rise to the level of an adverse employment action). Other circuits similarly agree that “a mere inconvenience or an alteration of job responsibilities” will not suffice. See Crady v. Liberty Nat’l Bank & Trust Co., 993 F.2d 132, 136 (7th Cir.1993); see also Kidd v. Mando Am. Corp., 731 F.3d 1196, 1204 n. 11 (11th Cir.2013) (noting that “it’s a rare ease where a change in employment responsibilities qualifies as an adverse employment action”); Mungin v. Katten Muchin & Zavis, 116 F.3d 1549, 1557 (D.C.Cir.1997) (agreeing with “other circuits [which] have held that changes in assignments or work-related duties do not ordinarily constitute adverse employment decisions if unaccompanied by a decrease in salary or work hour changes”).
This does not mean that a change in or loss of job responsibilities can never form the basis of an actionable discrimination claim, however. In certain instances, a change in or loss of job responsibilities— similar to the transfer and reassignment contexts — may be so significant and material that it rises to the level of an adverse employment action. See Schirle v. Sokudo USA, LLC, 484 Fed.Appx. 893, 898 (5th Cir.2012) (“Still, it is recognized that a significant diminishment of ‘material responsibilities,’ or a demotion, also constitutes an adverse employment action under Title VII.” (internal citations omitted)); Davis v. Town of Lake Park, 245 F.3d 1232, 1245 (11th Cir.2001) (“We do not suggest that a change in work assignments can never by itself give rise to a Title VII claim; in unusual instances the change may be so substantial and material that it does indeed alter the ‘terms, conditions, or privileges’ of employment.”); Michael v. Caterpillar Fin. Servs. Corp., 496 F.3d 584, 594 (6th Cir.2007) (explaining that a “materially adverse change might be indicated by ... a demotion evidenced by ... *505 significantly diminished material responsibilities”); Czekalski v. Peters, 475 F.3d 360, 364 (D.C.Cir.2007) (“ ‘[Withdrawing an employee’s supervisory duties,’ for example, ‘constitutes an adverse employment action.’ ”); Dahm v. Flynn, 60 F.3d 253, 257 n. 2 (7th Cir.1994) (“[I]f the duties of an assistant prosecutor were changed from trying cases to sharpening pencils, that change would be materially adverse... .”).[2]
In this case, Thompson alleges more than a mere loss of some job responsibilities. He alleges facts that, taken as true, plausibly suggest that, following his reinstatement, the Department rewrote and restricted his job description to such an extent that he no longer occupies the position of a detective; he now functions as an assistant to other detectives. Although a detective in name, Thompson alleges that he can no longer “detect” — that is, search for evidence — without supervision. Nor can he log evidence, be the affiant in a criminal case, work undercover, be the evidence officer at a crime scene, or be the lead investigator on an investigation. Thompson therefore alleges that he lost the essential job functions of a detective, he no longer uses his education and skills that he had acquired and regularly used as a detective, and his new position is less interesting, provides fewer opportunities for advancement, is less prestigious, and involves significantly diminished responsibilities. We previously have held that an employment decision “need not result in a decrease in pay, title, or grade” to constitute a demotion; “it can be a demotion if the new position proves objectively worse — such as being less prestigious or less interesting or providing less room for advancement.” Alvarado, 492 F.3d at 613 (quoting Sharp, 164 F.3d at 933). Viewing the factual allegations in the light most favorable to Thompson, we conclude that Thompson plausibly alleges that he was subject to the equivalent of a demotion.
The City distinguishes the Alvarado line of cases on the ground that those cases involve transfers or reassignments of employees to different units or positions. Under the City’s reasoning, an employer’s decision formally to transfer an employee to a new position or division could be actionable; whereas an employer’s decision to rewrite an employee’s job description or strip the employee of his or her material job functions could not. The City’s proposed distinction is not supported by the statute’s terms, which reach discrimination in the “terms, conditions, or privileges” of employment. See 42 U.S.C. § 2000e-2(a)(l). Moreover, the City’s proposed distinction is formalistic, easily manipulated, and has not been adopted by courts. In both scenarios, the employee may effectively occupy a new and objectively worse position, with significantly diminished material responsibilities. See, *506 e.g., Schirle, 484 Fed.Appx. at 898; Lava-lais, 734 F.3d at 633.
The eases cited by the district court and the City involving the mere loss of some job responsibilities are distinguishable from the present case. For instance, in Williams, 149 Fed.Appx. at 269-70, this court held at the summary-judgment stage that a nurse employed at a naval clinic was not subject to an adverse employment action when the clinic removed Williams’s duties as a diabetic educator, which had comprised approximately 20% of her overall job duties. In that case, however, there was no indication that being a diabetic educator was an integral and material part of Williams’s job as a nurse or that Williams’s overall level of responsibility was significantly diminished. See id. Here, in contrast, Thompson plausibly alleges that working undercover, searching for and logging evidence, serving as an evidence officer, acting as an affiant, and being a lead investigator “are all integral and material responsibilities of a detective,” and that his job responsibilities have been significantly diminished.
The district court also cites Roberts v. Unitrin Specialty Lines Ins. Co., 405 Fed.Appx. 874, 879 (5th Cir.2010). In Roberts, we held that an employer’s transfer of some of Roberts’s job duties to another employee did not constitute an adverse employment action for the purposes of a retaliation claim “in light of the fact that Roberts acknowledge^] that she was overworked prior to the transfer.” Id. Thus, an employer’s decision to relieve an employee from a burdensome workload was not materially adverse in Roberts. There is no similar allegation in this case that Thompson was overworked or that his job duties were otherwise burdensome.
Mota, 261 F.3d at 521, is similarly distinguishable. In Mota, the plaintiff presented evidence that, during his employment as a visiting professor, the university “stripped [him] of his duties as principal investigator on certain projects.” Significantly, the university limited Mota’s ability to serve as principal investigator only “on certain projects,” and there was no indication that being a principal investigator on those projects was a significant part of his job as a visiting professor. Id. In contrast, Thompson alleges that he lost his ability to perform his essential job functions in all investigations, not just on certain projects. Compare id., with Schirle, 484 Fed.Appx. at 898, and Lavalais, 734 F.3d at 633 (holding that the plaintiff successfully pleaded an adverse employment action where the plaintiff alleged facts indicating that his duties were so restricted on the midnight shift that “it is as if he is not a sergeant”).
For the above reasons, Thompson states a plausible claim that he was subject to the equivalent of a demotion. We of course express no view on Thompson’s likelihood of success, noting only that further assessment of his demotion claim is fact-intensive and better suited for the summary-judgment or trial stage. See, e.g., Alvarado, 492 F.3d at 613; Williams, 149 Fed.Appx. at 269-70.
IV.
Because Thompson plausibly alleges an adverse employment action, we REVERSE the district court’s judgment and REMAND for further proceedings.

. As our court clarified in Alvarado, "[a]I-though Click, Forsyth, [and] Sharp ... all involved claims of First Amendment retaliation under 42 U.S.C. § 1983, rather than claims of discrimination under Title VII, they are nevertheless relevant because the definition of 'adverse employment action' under § 1983, like Title VII’s definition of 'adverse employment action,' includes demotions.” Alvarado, 492 F.3d at 613 n. 6.

. Compare Baloch v. Kempthorne, 550 F.3d 1191, 1197 (D.C.Cir.2008) (holding that a change in job duties was not an adverse employment action where the new job duties “did not constitute qualitatively inferior work requiring any less skill or knowledge’’), and Morales-Vallellanes v. Potter, 605 F.3d 27, 38 n. 15 (1st Cir.2010) (“We emphasize that there was no evidence presented at trial that the rotation was permanent, or that he was divested of meaningful job responsibilities as a consequence.” (emphasis added)), and Hunt, 277 F.3d at 771 (hold that a shift change was not an adverse employment action where it was “undisputed that the night shift would have offered Hunt the same benefits, responsibilities, and compensation” and there was no evidence that the night shift "could be characterized, objectively, as a demotion"), with Lavalais v. Vill. of Melrose Park, 734 F.3d 629, 633 (7th Cir.2013) (holding that plaintiff successfully pleaded an adverse employment action based on his assignment to the night shift where plaintiff alleged facts indicating that his duties were so restricted that "it is as . if he is not a sergeant”).