IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 13-50718
_____

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2015

Lyle W. Cayce
Clerk

ALLEN THOMPSON,

　　　　Plaintiff - Appellant

v.

CITY OF WACO, TEXAS,

　　　　Defendants - Appellee

_____

Appeal from the United States District Court for the
Western District of Texas, Waco

_____

ON PETITION FOR REHEARING EN BANC
(Opinion: September 3, 2014, 764 F.3d 500)

Before SMITH, CLEMENT, and HIGGINSON, Circuit Judges.

HIGGINSON, Circuit Judge:

The court having been polled at the request of one of its members, and a majority of the judges who are in regular active service and not disqualified not having voted in favor (Fed. R. App. P. 35 and 5TH Cir. R. 35), the Petition for Rehearing En Banc is DENIED. Judge Jolly, joined by Judges Jones, Smith, and Owen, dissents from the court's denial of rehearing en banc, and

his dissent is attached.

In the en banc poll, four judges voted in favor of rehearing (Judges Jolly, Jones, Smith, and Owen) and eleven judges voted against rehearing (Chief Judge Stewart and Judges Davis, Dennis, Clement, Prado, Elrod, Southwick, Haynes, Graves, Higginson, and Costa).

ENTERED FOR THE COURT:

_Stephen Higginson_

UNITED STATES CIRCUIT JUDGE

E. GRADY JOLLY, Circuit Judge, dissenting from the denial of rehearing en banc, joined by JONES, SMITH, and OWEN, Circuit Judges:

My views of this case are consistent with those that are thoroughly discussed in Judge Smith's dissent. I only present a few examples to summarize briefly the inconsistencies in our opinions dealing with the question at issue; that is, whether there has been an adverse employment action sufficient to support a claim under Title VII: For Title VII discrimination claims, we have said that a "*transfer*[] . . . is *insufficient* to establish an adverse employment action." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 283 (5th Cir. 2004) (emphases added) (applying Title VII principles to a § 1981 case and holding that the plaintiff's "claim that his reassignment . . . was a less prestigious or desirable transfer, without more, [does] not lift him over the hurdle of summary judgment for the purpose of an adverse employment action"). Consistent with this holding, we later said that "[a]dverse employment actions include only *ultimate employment decisions* such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007) (emphasis added) (holding that "placing [an employee] on paid leave—whether administrative or sick— was not an adverse employment action"). Less than a week later, we retreated from this holding and said that the "denial of a *transfer* may . . . qualify as an adverse employment action, *even if* the new position would not have entailed an increase in pay or other tangible benefits." *Alvarado v. Texas Rangers*, 492 F.3d 605, 614 (5th Cir. 2007) (emphases added). Still later, we returned to our holding in *McCoy* and said, "[F]or Title VII discrimination claims, an adverse employment action 'include[s] *only ultimate employment decisions* such as hiring, granting leave, discharging, promoting, or compensating.' " *Bouvier v. Northrup Grumman Ship Sys., Inc.*, 350 F. App'x 917, 922 (5th Cir. 2009)

(quoting *McCoy*, 492 F.3d at 559)). Now, this panel creates a new legal standard, stating that a "*change in or loss of job responsibilities*—similar to the *transfer* and *reassignment* contexts—may be so *significant* and *material* that it rises to the level of an adverse employment action." *Thompson v. City of Waco, Texas*, 764 F.3d 500, 504 (5th Cir. 2014) (emphases added).

Given this panel ping-pong, a particular panel can find language, and indeed even legal principles, that likely will support any conclusion that it may reach. The next panel that addresses the question of the criterion for an adverse employment action is surely not bound by the majority opinion in this case because of the statements that we have issued in *prior* cases—where one can find the language or reasoning to produce a different result. A loser under the opinion of Panel X may well have been a winner under Panel Y.

In short, our cases give district judges and litigants no guidance as they attempt to thread their way through our confusion. They deserve better. We should give them better.

For these reasons, I respectfully dissent from the failure of the Court to vote this case en banc to produce a clear standard so that all litigants get the same deal from this Court.