# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20458
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2015

Lyle W. Cayce
Clerk

BENEDICT EMESOWUM,

Plaintiff-Appellant

v.

TERRI LLAGOSTERA; MEADOWS SOUTHWEST APARTMENTS; GAR ASSOCIATES, L.P.; PITT SOUTHWEST INVESTORS, INCORPORATED; OAK LEAF MANAGEMENT; HOOVERSLOVASCEK, L.L.P.; CHRISTMAS EVE MORGAN,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-2818

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Benedict Emesowum appeals the judgment of the district court, which dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) his amended civil complaint raising claims under 42 U.S.C. §§ 1983, 1985, 3604, 3617, and 3631.  He also brought state-law claims for gross negligence, breach of fiduciary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

duty, and breach of contract.   This court reviews a dismissal under Rule 12(b)(6) for failure to state a claim *de novo*.  *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted).  "[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quotation marks and citations omitted).

Emesowum does not address the district court's reasons for dismissing his claims with any specificity.  *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  He fails to show that the district court abused its discretion by denying his first motion for a default judgment since the defendants who had been served had timely filed answers to his complaint.  *See Lewis v. Lynn*, 236 F.3d 766, 767–68 (5th Cir. 2001).  We need not consider the argument that the defendants violated Federal Rule of Civil Procedure 11(b) by filing numerous pleadings to harass Emesowum since he did not raise this issue in the district court.  *See Jennings v. Owens*, 602 F.3d 652, 657 n.7 (5th Cir. 2010).

Accordingly, the judgment of the district court is AFFIRMED and Emesowum's motion for transcripts is DENIED.  Emesowum is CAUTIONED that future frivolous or repetitive filings in this court will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.