# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2016

Lyle W. Cayce
Clerk

No. 14-31074
Summary Calendar

EDGAR L. ROGERS, doing business as Human Utilities Whole Armour,

Plaintiff-Appellant,

v.

RAYCOM MEDIA, INCORPORATED; JAMES SMITH; JAYNE RUBEN; DOMONIQUE BENN; K S L A, L.L.C.; JOSEPH DAVID KENT, also known as Joey Kent; TIMOTHY DEWAYNE ANTWINE, also known as Tim DeWayne, also known as Tim Antwine; CEDRIC B. GLOVER, Individually; BURNADINE ANDERSON, Individually and as Executive Assistant to the Mayor of the City of Shreveport; OLLIE S. TYLER, Mayor-Elect of the City of Shreveport in her official capacity,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:14-CV-425

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Edgar L. Rogers appeals the dismissal for failure to state a claim of his pro se civil suit alleging that the defendants conspired to violate his federal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and state rights in numerous ways.  We review the dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo.  *Thompson v. City of Waco, Texas*, 764 F.3d 500, 502 (5th Cir. 2014).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  "[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice."  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal quotation marks and citations omitted).

Rogers's claim that the defendants conspired to violate his copyright contains only conclusory allegations that the defendants copied protected material.  *See id.*; *General Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141-42 (5th Cir. 2004).  Indeed, the allegations of conspiracy, upon which all of his claims are based, are entirely conclusory.  *See Taylor*, 296 F.3d at 378.  The district court, therefore, did not err by dismissing Rogers's suit.  Nor did the district court err by denying Rogers the opportunity to amend his complaint, since his pleadings below and in this court show that Rogers had already pleaded his "best case."  *Bazrowx v. Scott*, 136 F.3d 1053, 1054 & n.7 (5th Cir. 1998) (per curiam) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986)).

However, the district court abused its discretion by imposing, without prior warning and on the basis of one prior frivolous suit, a sanction requiring Rogers to obtain prior approval and authorization from the Chief Judge of the Western District of Louisiana before filing any new civil action.  *See Mendoza v. Lynaugh*, 989 F.2d 191, 196-97 (5th Cir. 1993).  We therefore vacate the imposition of this sanction and remand to the district court for the limited purpose of imposing a less stringent one.  *See id.* at 197.

No. 14-31074

The judgment of the district court is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for the limited purpose stated above. Rogers's motion for reconsideration of the prior order denying him leave to file a corrected brief is DENIED.