# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20197
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2018

Lyle W. Cayce
Clerk

CHERYL SIMANI,

      Plaintiff - Appellant

v.

BEECHNUT ACADEMY,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2193

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

    Cheryl Simani, a white, Orthodox Jew, worked as a teacher for Beechnut Academy from August 2009 until June 2014, when she was terminated. During the 2013–2014 school year, Simani had issues entering her grades on time, and the failure rate in her English class continually increased. School

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20197

administrators met with Simani multiple times to counsel her on her grading practices, which did not meet the school's grading policy.

The final straw for Beechnut apparently came in April 2014, when school administrators reviewed student work and Simani's gradebook, finding that the work did not have grades or feedback on it, the titles and dates of the assignments did not match those in the gradebook, and generally there was no indication whether student work had been meaningfully assessed at all.

Beechnut scheduled a meeting with Simani to discuss her grading practices. On the morning of the meeting, Simani's lawyer sent the school an email stating she had filed an Equal Employment Opportunity Commission (EEOC) charge against the school. Simani was terminated, and replaced with a non-Jewish teacher.

Simani sued Beechnut under Title VII and 42 U.S.C. § 1981, alleging racial and religious discrimination and retaliation for protected activity. The district court granted summary judgment to Beechnut on all claims. The court found that even if Simani had made a prima facie case of discrimination, the school had proffered legitimate, non-discriminatory reasons for its actions, which Simani had not been able to rebut. The court further held that Simani had not shown that her protected activity was the cause of her termination.

Simani appeals, contending the district court improperly granted summary judgment. We review the district court's grant of summary judgment de novo. *Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 546 (5th Cir. 2001).

Discrimination and retaliation claims asserted under Title VII and § 1981 are analyzed "under the same rubric of analysis," the *McDonnell Douglas* burden-shifting framework. *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2001). To sustain a discrimination claim, a plaintiff must establish that she is a member of a protected class and qualified for the position from which she was discharged, and that she was replaced by a person

who is not a member of the protected class. *Id.* If she establishes a prima facie case, the burden shifts to the employer to produce evidence showing the termination was justified by a legitimate, non-discriminatory reason. If the employer can do so, the burden shifts back to the plaintiff to offer sufficient evidence to create an issue of material fact that the reason is pretextual. *Id.*

The district court granted summary judgment on all Simani's discrimination claims, but analyzed only her claim based on not getting a promotion.[1] On appeal, Simani primarily contends that her termination was discriminatory. Even if Simani did state a prima facie claim, Beechnut proffered a legitimate, non-discriminatory reason for terminating Simani—her repeated failures to follow the grading policy. Simani has not met her burden to show this explanation is pretextual. Evidence of technological issues hindering her ability to timely record grades does not rebut Beechnut's evidence of broader issues with her grading. Further, Simani's ability to explain how she graded a single student's work is insufficient to rebut the legitimacy of the problems identified with her grading of many students' work.

Nor has Simani shown that other actions taken by Beechnut—reprimanding her for using candy in the classroom and filing a worker's compensation claim without her permission—rise to the level of actionable discrimination. Simani must show she was subject to an "adverse employment action," i.e., an "ultimate employment decision" such as "hiring, firing, demoting, promoting, granting leave, and compensating." *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 503 (5th Cir. 2014) (internal quotation marks

---

[1] In her statement of the issues, Simani includes whether the district court erred when it found that she had not produced evidence of pretext with respect to the school promoting another individual instead of her. However, she did not address this issue in her brief. Therefore, she has waived this issue. *See United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000) ("It has long been the rule in this circuit that any issues not briefed on appeal are waived.").

omitted). Simani has not shown that disallowing the use of candy or filing a worker's compensation claim constitute an adverse employment action.

Finally, Simani has not shown a genuine issue whether her termination was retaliatory. To establish a prima facie case of retaliation, a plaintiff must show she engaged in a protected activity, she was subjected to an adverse employment action, and the protected activity was the but-for cause of the adverse employment action. *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004). Temporal proximity alone cannot be sufficient proof of but-for causation. *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007). Beechnut produced evidence that administrators had made the decision to fire Simani days before the meeting at which she was terminated. Even if Beechnut administrators saw Simani's email about her EEOC charge the morning of the termination meeting, this is insufficient to show but-for causation, and Simani has produced no other evidence to establish causation.

We AFFIRM the district court's grant of summary judgment.