# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40252
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2018

Lyle W. Cayce
Clerk

JIMMY MOORE,

Plaintiff–Appellant,

v.

WILLIAM CHARLES; D. ROHOE, Disciplinary Hearing Officer; RODGER A. MCDONALD, Assistant Warden; JUAN MARRONO; D. TOMPKINS, Captain; M. B. KARL, Assistant Warden; LINDA RICHEY,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:14-CV-825

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Jimmy Moore, Texas prisoner # 1771243, appeals the dismissal of his 42 U.S.C. § 1983 action, in which the defendants who were served with process pleaded qualified immunity. The district court dismissed the action against Rodger McDonald, D. Tompkins, M.B. Karl, and Linda Richey with prejudice and dismissed the action against William Charles, D. Rohoe, and Juan

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Marrono without prejudice. *See* FED. R. CIV. P. 12(b)(6). Our review is de novo. *See Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014).

We disagree with the district court's determination that Moore's procedural due process claims against McDonald, Tompkins, Richey, and Karl are barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Those claims stem from a disciplinary ruling that Moore had violated Texas Department of Criminal Justice Offense Code § 3.4, a ruling that was vacated by virtue of a writ of habeas corpus issued by the Northern District of Texas because the ruling was not supported by the necessary evidence. *See Superintendent, Mass. Corr. Inst., Wapole v. Hill*, 472 U.S. 445, 453-55 (1985); *see also Carey v. Piphus*, 435 U.S. 247, 259 (1978); *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007). In any event, the due process claims do not affect the validity of Moore's criminal convictions or the length of Moore's confinement. *See Muhammad v. Close*, 540 U.S. 749, 751 (2004). These claims are concerned only with deprivations of civil rights. *See Heck*, 512 U.S. at 482. Nor do *Heck* and *Edwards* bar Moore's claim that the disciplinary case was a retaliatory action. *See Woods v. Smith*, 60 F.3d 1161, 1164-66 (5th Cir. 1995). Nevertheless, as explained below, we reject all of Moore's claims.

The procedural due process claims against Richey and Karl fail because those defendants were not involved in the disciplinary case. Their involvement was limited to the grievance proceeding that followed, and Moore has no constitutional right to have a grievance proceeding resolved to his liking. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). The due process claims, including claims of conspiracy to infringe Moore's due process rights, against McDonald and Tompkins fail because they are wholly conclusory. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993);

*Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988).  That McDonald and Tompkins had some part in the initiation of the disciplinary case does not allow a "reasonable inference that the[se] defendant[s]" arbitrarily violated the Constitution.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Moore's claim that the disciplinary action was instituted to cover up an assault by Charles does not state a retaliation claim, given that Moore does not contend that he exercised any right that caused the defendants to punish him. *See McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).  Instead, Moore argues that the defendants tried to conceal something Charles did.  And even if Moore were understood to assert that the defendants conspired to punish him because he wished to be free from attack by his jailers, he does not put forth a chronology of events from which such a conspiracy might be inferred. *See Woods*, 60 F.3d at 1166.  Thus, Moore fails to state a claim of retaliation. *See McDonald,* 132 F.3d at 231; *Woods*, 60 F.3d at 1166.

Having shown no constitutional violation of any kind, Moore has failed to overcome these defendants' qualified immunity defenses.  *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Rockwell v. Brown*, 664 F.3d 985, 990-91 (5th Cir. 2011).  Additionally, we find no merit to Moore's claim that the motions to dismiss were untimely.  Equally unavailing is Moore's contention that the district court should have allowed amendment of the complaint. Moore does not, and did not in the district court, specify what allegations would, if added, save the complaint from involuntary dismissal.  *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 & n.7 (5th Cir. 1998).  Also, contrary to Moore's contention, the district court did order service on Charles, Rohoe, and Marrono, and Moore does not show that precedent requires more.

AFFIRMED.

3