# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40984
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2019

Lyle W. Cayce
Clerk

CHRISTINA MATTHEWS,

Plaintiff - Appellant

v.

PILGRIMS PRIDE,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:17-CV-82

Before STEWART, Chief Judge, and GRAVES and DUNCAN, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Christina Matthews appeals the district court's summary judgment in favor of her employer, Defendant-Appellee Pilgrim's Pride ("Pilgrim's"). We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40984

## I. Facts & Procedural History

Matthews, who is Caucasian, became employed by Pilgrim's Pride in their Lufkin Facility in August of 2013. During the time Matthews was employed with Pilgrim's, two policies relevant to this litigation were in effect. First, Pilgrim's has a Non-Discrimination and Harassment Policy which prohibits discrimination and harassment on the basis of sex, race, color, religion, national origin, gender, age, veteran status, handicap, or disability. Second, Pilgrim's has a Code of Conduct which includes a policy prohibiting conflicts between the personal and professional interests of employees and the best interests of the company.

Matthews was hired as a trimmer on the Cone Line which meant she trimmed chicken wings and performed other duties on the production line under the direction of her supervisor. Matthews was also trained as a backup incentive grader when the regular incentive grader, Ariel Elizondo, went on maternity leave in 2016. Elizondo is Hispanic. According to Pilgrim's, Matthews maintained her original job title, compensation, and benefits as a trimmer on the Cone Line during the times she served as a backup incentive grader.

During the time period that Matthews was working as a backup incentive grader, she had an altercation with a female Pilgrim's employee over a male Pilgrim's employee who Matthews was dating. As a result of this incident, the Human Resources department became aware that Matthews was conducting checks as an incentive grader on the production line on which her boyfriend worked. Pilgrim's considered this to be a conflict of interest prohibited by their Code of Conduct.

Consequently, Matthews was no longer permitted to work as a backup incentive grader, but she was allowed to continue working as a trimmer on the Cone Line, the position for which she was hired. Then on April 25, 2016,

No. 18-40984

Matthews took medical leave under the Family and Medical Leave Act ("FMLA"). By July 2016 she had stopped communicating with Pilgrim's regarding her FMLA status and ultimately never returned to work.

About a year later, in June of 2017, Matthews filed suit *pro se* and *in forma pauperis* against Pilgrim's in federal court alleging violations of her rights under Title VII of the Civil Rights Act of 1964. Her primary argument before the district court was that she was discriminated against on the basis of her race because she was demoted from her duties as an incentive grader and replaced by unqualified Hispanic employees. She also advanced claims of retaliation and hostile work environment.

Pilgrim's moved for summary judgment on grounds that Matthews failed to present evidence in support of her claims. Adopting the Report and Recommendation of the magistrate judge, the district court granted summary judgment in favor of Pilgrim's and dismissed all of Matthews' claims with prejudice. The district court reasoned that the magistrate judge correctly determined that Matthews failed to "provide any evidence indicating that [Pilgrim's] actions against her, while facially legitimate, were actually pretextual." Matthews filed this appeal.

## II. Standard of Review

We conduct a de novo review of a district court's ruling on summary judgment, applying the same standard as the district court. *Robinson v. Orient Marine Co.*, 505 F.3d 364, 365 (5th Cir. 2007) (citation omitted). Summary judgment is appropriate if the record evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* at 366; Fed. R. Civ. P. 56(a). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *See Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003) (citation omitted). "[R]easonable inferences are to be

3

No. 18-40984

drawn in favor of the non-moving party." *Robinson*, 505 F.3d at 366 (citation omitted).

## III. Discussion

"Title VII plaintiffs may prove a racial discrimination claim either by direct or circumstantial evidence." *Stroy v. Gibson*, 896 F.3d 693, 698 (5th Cir. 2018) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007)). The burden-shifting analysis set forth in *McDonnell Douglas*[1] is used for cases with only circumstantial evidence of discrimination. *Id.* (citing *McCoy*, 492 F.3d at 556). Under *McDonnell Douglas*, the plaintiff must make out a prima facie case for race discrimination by showing that she: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside [her] protected group or was treated less favorably than other similarly situated employees outside the protected group." *Id.* (citing *McCoy*, 492 F.3d at 556). If the plaintiff makes this showing, the burden shifts to the employer to set forth a legitimate, non-discriminatory reason for its action. *Id.* at 698–99 (citing *McCoy*, 492 F.3d at 557).

On appeal, Matthews reasserts her claims of racial discrimination, retaliation, and hostile work environment. For the following reasons, we conclude that her claims are meritless.

As the district court observed, the only piece of "evidence" that Matthews provided in support of her Title VII claims against Pilgrim's was "a self-authored, handwritten letter presented in [her] summary judgment briefings" containing conclusory allegations and unsubstantiated assertions against her employer in the context of her own depiction of the timeline of events.[2] This

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[2] Matthews reports that she originally provided this statement to the union and it is often referenced in the record as her "union statement."

does not qualify as competent summary judgment evidence and with no other evidence offered in support of her claims, Matthews failed to make out a *prima facie* case of racial discrimination. *See Brown*, 337 F.3d at 541 ("Unsubstantiated assertions . . . are not sufficient to defeat a motion for summary judgment.").

Additionally, while Matthews is a member of a protected group and was qualified for the position, she has failed to show that she suffered an adverse employment action. "Adverse employment actions are 'ultimate employment decisions' such as hiring, firing, demoting, promoting, granting leave, and compensating." *Stroy*, 896 F.3d at 699 (quoting *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014)). Matthews' racial discrimination claim rests on her assertion that she was demoted, but this is not true. The record reflects that Matthews was hired and trained as a trimmer on the Cone Line, a position which she maintained in terms of title, compensation, and benefits throughout the course of her employment with Pilgrim's. She was permitted to serve as a backup incentive grader for temporary periods of time, after which she was to resume her regular job duties as a trimmer. This was not a "demotion." Nor did her brief stints as an incentive grader somehow create a new position for her within the company that she then became "demoted" from when she returned to her regular job.

Even if Matthews was able to make out a prima facie case of racial discrimination, Pilgrim's has provided a "legitimate, non-discriminatory reason for its decision." *Stroy*, 896 F.3d at 699. Matthews was relieved of her duties as an incentive grader because she was dating another employee on the production line over which she performed the checks. Pilgrim's reacted to Matthews' violation of its Code of Conduct graciously, simply returning her to

5

her regular duties with no loss of position, pay or benefits. Matthews provides no competent summary judgment evidence to rebut this legitimate, non-discriminatory reason. *See Brown*, 337 F.3d at 541. Moreover, the sole reason Matthews is no longer employed as a trimmer with Pilgrim's is because she took FMLA leave, stopped providing reports on her leave status, and never came back to work.

Due to Matthews' failure to provide any competent summary judgment evidence during the proceedings below, she also fails to survive summary judgment on her retaliation and hostile work environment claims. *Id*.[3]

The district court properly granted summary judgment in favor of Pilgrim's on each of Matthews' alleged Title VII claims.

## IV. Conclusion

Summary judgment in favor of Pilgrim's is AFFIRMED.

---

[3] It appears from Matthews' statement of issues that she claims that she was not given enough time to conduct discovery prior to the district court's grant of summary judgment in favor of Pilgrim's. She fails, however, to brief this argument altogether so we do not address the issue herein. *See DeVoss v. SW Airlines, Co.*, 903 F.3d 487, 489 n.1 (5th Cir. 2018) ("[F]ailure to adequately brief an argument forfeits the claim on appeal."). Additionally, the record reflects that she had almost six months to conduct discovery and failed to move the magistrate judge or the district court for additional time.