# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10955
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2015

Lyle W. Cayce
Clerk

ROBERT EUGENE SPECK,

       Plaintiff - Appellant

v.

GARRETT WIGINTON; CHAD DAVIS; BRENT BLACKMON; MITCH GALVAN,

       Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-276-A

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff Robert Speck filed this lawsuit against the Defendants, police officers and the police chief for the City of Granbury, for violating his constitutional rights. The complaint alleges that Speck saw strange men moving outside his home, pulled out his gun, and opened the front door to investigate. Speck put his gun down when he realized the men were police

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

officers.  At that point, two of the officers grabbed Speck, and one forced him to the ground with a leg sweep.  The officers then arrested Speck for public intoxication.  Speck brought claims against the officers in their individual and official capacities for excessive force and due process violations.  He also brought a claim against Chief of Police Galvan for failing to provide adequate training to the officers.  In the failure to train claim, he contended that "it is apparent from the facts of this case that Defendant Galvan never trained his officers that a person has a Second Amendment right to stand on the curtilage of his residence with a firearm," "that it is a violation of a person's Fourteenth Amendment Due Process rights to be arrested and jailed on an offense for which the person cannot be jailed or incarcerated if convicted," and that excessive force should not be used when investigating Class C misdemeanors.  ROA 97.

The Defendants moved to dismiss under Rule 12(b)(6).  As to the claims asserted against the officers in their individual capacities, they asserted qualified immunity.  With respect to the official capacity claims, they noted that those should be treated as claims against the City and should fail because no municipal policy or practice was identified that caused the conduct about which Speck complains.  Galvan asserted that he had no involvement in the arrest and that he was not liable under a failure to supervise theory because there were insufficient factual allegations identifying any inadequacy in training procedures.

The district court granted the motion in part. With a couple of exceptions not relevant here,[1] it reserved ruling on the individual capacity claims and the

---

[1] The district court dismissed the Fifth Amendment claims because that provision applies to the federal government.  It also dismissed the excessive force claim against Officer Brent Blackmon, whose only alleged involvement in the arrest was to place handcuffs on Speck.  The district court did not enter a final judgment on those claims, and Speck does not challenge those two rulings on appeal.

defense of qualified immunity, stating only that the "relief sought [for those claims] . . . would more appropriately be sought by a motion for summary judgment." ROA 187. The district court construed the official capacity claims brought against the police officers as seeking to establish municipal liability. In dismissing them, it reasoned that Speck failed to plead any facts "from which it plausibly can be inferred that any of the events of which plaintiff complains resulted from any policy or custom of [the] City." ROA 193–94. Using similar reasoning, the district court also dismissed the individual capacity claim based on the failure to train against Chief Galvan. It then entered a final judgment as to certain parties for all the official capacity claims and the claims against Galvan.

On appeal, Speck argues that (1) the Defendants violated his constitutional rights by arresting him and (2) his allegations are sufficient to support a claim for failure to train. That first issue is beyond the scope of this appeal because the district court did not decide if a constitutional violation took place or enter a final judgment on the individual capacity claims. Those claims are still pending in the district court. *See Janvey v. Alguire*, 647 F.3d 585, 604 (5th Cir. 2011) (observing that we only address issues decided by the district court in its judgment).

Therefore, the only issue before us is whether the district court erred in its dismissal of the failure to train claim. Speck first contends that the district court applied a heightened pleading standard for civil rights cases contrary to *Leatherman v. Tarrant Cnty.*, 507 U.S. 163, 168 (1993). But the district court correctly stated that the proper standard was Rule 8 as interpreted by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). It did not purport to apply a higher standard because this case involved civil rights claims.

Nor did district court err in applying the ordinary pleading standard to the failure to train allegations. A claim for failure to train must allege sufficient facts to show that (1) the municipality adopted inadequate training policy procedures, (2) acted with deliberate indifference in doing so, and (3) the inadequate training policy directly caused the plaintiff's injury. *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010).

Dismissal of Speck's conclusory failure to train claim was proper for at least two reasons. For one, the allegations do not satisfy the first element because he alleges no facts about what training Granbury provided or failed to provide. Complaints typically satisfy the first element by alleging facts related to the locality's actual training program. *See, e.g.*, *Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003) (evaluating the longstanding practice of failing to maintain sheriff's records and provide them to defendants in context of claim challenging failure to train record keepers); *Beard v. Harris Cnty.*, 2005 WL 2647972, *3 (S.D. Tex. Oct. 17, 2005) (considering the guidelines promulgated in the Standard Operating Procedures of the Harris County Precinct Five Constables Department). Speck instead makes only the conclusory allegation that it is "apparent from the facts of this case" that the excessive force training, to use one of his claims as an example, was insufficient. ROA 97. He provides no factual allegations about the content of the excessive force training or how thorough or cursory it may have been. Speck is thus asking us to make the inference that a single alleged incident of misconduct means officers are inadequately trained. That inference is at odds with the law against *respondeat superior* liability in section 1983 cases, which is a rule premised on the common sense proposition that officer misconduct is often a result of the independent decisions of officers rather than direction from superiors.

No. 14-10955

Similar reasoning demonstrates that Speck also fails to raise sufficient factual allegations to meet the deliberate indifference standard. A "pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011). No such pattern is alleged here, even in a conclusory manner. An exception may exist if the plaintiff's injury is a "patently obvious" or "highly predictable" result of inadequate training, and Speck asserts that rare exception applies to his case. *See id.* at 1361 (describing so-called "single-incident liability" as rare); *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985). As an example of this exception, the Supreme Court has identified a hypothetical in which a locality "arms its police force with firearms and deploys the armed officers into the public to capture fleeing felons without training the officers in the constitutional limitation on the use of deadly force." *Connick*, 131 S. Ct. at 1361 (quoting *City of Canton v. Harris*, 489 U.S. 378 (1989)) (explaining that "the known frequency with which police attempt to arrest fleeing felons and that the 'predictability that an officer lacking specific tools to handle that situation will violate citizens' rights'" might make it "highly predictable" that constitutional violations would result from the failure to train). The claim alleged here is not comparable, and Speck offers no case law involving similar facts that relied on the isolated event exception.

For these reasons, the district court correctly dismissed the official capacity claims brought against the officers and the claims brought against Galvan. We express no opinion on the other issues Speck raises concerning the individual capacity claims against the officers that were not dismissed at the pleading stage. AFFIRMED.

5