# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50467

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2016

Lyle W. Cayce
Clerk

ROSWITHA M. SAENZ, Individually and on the behalf of the estate of
Daniel Saenz,

      Plaintiff - Appellant

v.

THE CITY OF EL PASO,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CV-244

Before STEWART, Chief Judge, and REAVLEY and DAVIS, Circuit Judges.

PER CURIAM:*

     Daniel Saenz was in police custody when he was shot and killed by an El Paso police officer. Saenz's mother, Roswitha Saenz, sued the City of El Paso ("the City"), asserting state-law claims under the Texas Tort Claims Act ("TTCA") and *Monell* claims. The district court dismissed all of Saenz's claims

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50467

against the City for failure to state a claim. Saenz now appeals. Because his complaint fails to state a plausible claim for relief, we AFFIRM.

I.

On or about March 3, 2013, Daniel Saenz was at a grocery store in El Paso, Texas. While he was at the store, Saenz, who suffered from hypoglycemic episodes, fell ill and began to cry and ask for hugs. El Paso police officers and EMS personnel were dispatched to the store, where they found Saenz crying and slouched on a motorized shopping cart. Saenz began to twitch uncontrollably and was taken to Del Sol Medical Center for treatment. While at Del Sol, Saenz allegedly attacked one or more individuals and was arrested. While in custody, Saenz was handcuffed, unarmed, and restrained, when Officer Jose Flores ("Flores"), an El Paso police officer, shot and killed Saenz.

Roswitha Saenz, acting individually and on behalf of Daniel Saenz's estate, sued the City under 42 U.S.C. § 1983 for violating her and Daniel Saenz's constitutional rights. Roswitha Saenz also sued the City for negligence under the TTCA. The City moved to dismiss the claims under Rule 12(b)(6), and the district court granted the motion. Relevant to this appeal, the district court found that Saenz's negligence claim was barred under Texas law and that he failed to plausibly allege a § 1983 failure-to-train claim.

Saenz moved for reconsideration, or alternatively, for leave to file a fourth amended complaint. The district court reaffirmed its conclusion that Saenz failed to allege a plausible failure-to-train claim and also denied leave to amend. Finding "no just reason for delay," the district court entered final judgment in favor of the City under Rule 54(b). Saenz now appeals, contending that the dismissal of the failure-to-train and negligence claims was error.

II.

We review the district court's grant of a motion to dismiss under Rule 12(b)(6) de novo, accepting all well-pleaded facts as true and viewing those

facts in the light most favorable to the plaintiff. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation and internal quotation marks omitted).

## III.

On appeal, Saenz asserts that the district court erred in dismissing his claims against the City for (1) negligent misuse of a firearm under the TTCA and (2) inadequate training of police officers under § 1983. As explained below, the district court did not err with regard to either issue.

## A.

We turn first to Saenz's TTCA claim against the City. The TTCA provides that "[a] governmental unit in the state is liable for: . . . personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2). The TTCA creates a limited waiver of sovereign immunity "for certain negligent conduct, but it does not waive immunity for claims arising out of intentional torts." *City of Watauga v. Gordon*, 434 S.W.3d 586, 594 (Tex. 2014). Thus, "[i]f a plaintiff pleads facts which amount to an intentional tort, no matter if the claim is framed as negligence, the claim generally is for an intentional tort and is barred by the TTCA." *Harris Cty. v. Cabazos*, 177 S.W.3d 105, 111 (Tex. App.—Houston [1st Dist.] 2005).

3

No. 15-50467

Under Texas law, then, the question is whether Saenz's claim arises out of an intentional tort. Saenz alleges that Officer Flores (1) "pulled out his loaded pistol, and . . . shot and killed Daniel Saenz," and (2) used "excessive force in handcuffing, shackling, tasing, shooting and killing Daniel Saenz . . . ." The gravamen of Saenz's claim is that Officer Flores used excessive force in wrongfully shooting Saenz. Such a claim sounds in intentional tort. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2474 (2015) ("[W]e have limited liability for excessive force to situations in which the use of force was the result of an intentional and knowing act . . . ."). Saenz's claim is thus a claim for which sovereign immunity has not been waived. *City of Watauga*, 434 S.W.3d at 589 ("[T]o be viable, the claim cannot arise out of an intentional tort.").

Nor can Saenz avoid this bar by pleading negligence alternatively.[1] A plaintiff may not maintain a negligence claim under the TTCA where the claim is based on "the same conduct" as the intentional tort claim. *See Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001); *see also Goodman v. Harris Cty.*, 571 F.3d 388, 394 (5th Cir. 2009) (explaining that the TTCA excludes "allegations against a governmental unit arising out of the same conduct that formed the basis of the intentional tort claims against its employee"). In this case, Saenz alleges no distinct facts aside from those that formed the basis of the excessive force claim. Because Saenz's negligence claim relies on the same conduct as the excessive force allegations, it falls outside the

---

[1] Saenz asserts that Officer Flores characterized the shooting as accidental. Because these assertions refer to matters outside the pleadings, we do not consider them. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint . . . ."). We note, however, that considering the statement would not change our analysis. Even assuming the shooting was accidental, the complaint alleges underlying intentional conduct: the use of force to restrain Saenz. Under *City of Watauga*, this underlying intentional conduct forecloses a TTCA claim. 434 S.W.3d at 593–94.

No. 15-50467

TTCA's "limited waiver of sovereign immunity." *Goodman*, 571 F.3d at 394 (internal quotation marks and citation omitted).

Saenz's TTCA claim against the City arises out of an intentional tort, and the district court thus did not err in dismissing the claim.

B.

We next consider Saenz's § 1983 claim that the City failed to adequately train its police officers in the proper use of force.

Pretrial detainees are protected against the excessive use of force "by the due process clause of the Fifth or Fourteenth Amendments." *Gutierrez v. City of San Antonio*, 139 F.3d 441, 452 (5th Cir. 1998). Though municipalities are liable for constitutional violations under § 1983, it is well-established that § 1983 offers no respondeat superior liability. *See Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690, 694 (1978). Instead, a municipality "is liable only for acts directly attributable to it through some official action or imprimatur," *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (internal quotation marks omitted), and a plaintiff must thus "show the deprivation of a federally protected right caused by action taken pursuant to an official municipal policy," *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (internal quotation marks omitted).

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Thus, a municipality's failure to train its officers can give rise to § 1983 liability if the municipality's failure to adopt an adequate training policy is the moving force behind a constitutional violation. *See Kitchen v. Dallas Cty.*, 759 F.3d 468, 476–77 (5th Cir. 2014). However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick*, 563 U.S. at 61.

To plead a plausible failure-to-train claim, a plaintiff must allege facts that allow the court to draw the reasonable inference that (1) the municipality's training procedures were inadequate; (2) the municipality was deliberately indifferent in adopting its training policy; and (3) the inadequate training policy directly caused the constitutional violation. *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010); *see also Speck v. Wiginton*, 606 F. App'x 733, 736 (5th Cir. 2015). Because Saenz does not plausibly allege that the City was deliberately indifferent, his complaint fails.

A plaintiff must allege facts to plausibly suggest the municipality's deliberate indifference to the need for proper training. Ordinarily, to meet this burden, a plaintiff may allege that the municipality had "[n]otice of a pattern of similar violations," which were "fairly similar to what ultimately transpired." *Id.* at 381; *see also Connick*, 563 U.S. at 62–63. "The number of incidents and other allegations necessary to establish a pattern representing a custom, on a motion to dismiss, varies . . . ." *Moreno v. City of Dallas*, No. 3:13-CV-4106-B, 2015 WL 3890467, at *8 (N.D. Tex. June 18, 2015). Here, Saenz alleges twenty-one previous incidents, spanning a period of nineteen years, involving an individual killed by a police officer. However, these allegations do not allow the court to draw the reasonable inference that any of these events were anything more than isolated incidents. Without further context surrounding the circumstances, the allegations of prior shootings do not plausibly suggest a pattern of abuses to which the City was deliberately indifferent. Though Saenz is not required to provide detailed factual allegations, the complaint must "raise a right to relief above the speculative level." *In re La. Crawfish Producers*, 772 F.3d 1026, 1029 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). Without some further factual enhancement, Saenz's complaint "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 546.

Alternatively, a plaintiff may allege deliberate indifference if the specific injury suffered is a "patently obvious" or "highly predictable" result of inadequate training. *Connick*, 563 U.S. at 64. Saenz asserts that this rare single-incident exception applies to his case. We disagree and conclude that our analysis in *Speck* is instructive. There, we observed that as an example of single-incident liability, the Supreme Court has hypothesized a situation where a municipality "arms its police force with firearms and deploys the armed officers into the public to capture fleeing felons without training the officers in the constitutional limitation on the use of deadly force." *Speck*, 606 F. App'x at 736–37 (quoting *Connick*, 563 U.S. at 63–64). As in *Speck*, "[t]he claim alleged here is not comparable," and Saenz "offers no case law involving similar facts that relied on the isolated event exception." *Id.* Thus, the complaint fails to plausibly allege that this incident falls within the narrow range of circumstances giving rise to single-incident liability.

Because Saenz's complaint fails to plausibly allege deliberate indifference, we need not address the remaining elements of his failure-to-train claim against the City. And accordingly, we conclude that the district court did not err in dismissing Saenz's § 1983 claim.

## IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.