# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11462

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2018

Lyle W. Cayce
Clerk

AMY DEVOSS,

Plaintiff – Appellant,

v.

SOUTHWEST AIRLINES COMPANY,

Defendant – Appellee.

Appeal from the United States District Court
for the Northern District of Texas

Before KING, ELROD, and HAYNES, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

Amy DeVoss appeals the district court's grant of summary judgment in favor of Southwest Airlines on her Family and Medical Leave Act (FMLA) interference and retaliation claims. Because we conclude that the district court was correct in its determination that DeVoss failed to raise a genuine issue of material fact as to whether she provided the required notice to her employer to sustain her FMLA claims, we AFFIRM.

I.

DeVoss took sick leave from her employment as a flight attendant with Southwest on June 7–11 of 2015. On June 8, Southwest sent DeVoss notice of her FMLA eligibility for a serious health condition. That notice indicated

No. 17-11462

DeVoss's deadline for an FMLA application was June 23, as per company policy requiring an FMLA application within 15 days from a determination of FMLA eligibility. DeVoss did not submit an application expressing intent to request FMLA-protected leave for that condition by June 23.

On June 24, DeVoss called Southwest to invoke a separate commuter policy after realizing that she would be late for work. When informed that the commuter policy would not apply to her particular situation, and that she would be assessed attendance points for being late, DeVoss stated that she was sick, and subsequently missed a three-day work assignment. As a result of that phone call, Southwest initiated an internal investigation that concluded that DeVoss's statement was dishonest and grounds for termination. On July 2, Southwest notified DeVoss that she would be terminated as of July 7, citing her alleged dishonesty. DeVoss filed a grievance under the collective bargaining agreement, that grievance was denied, and, almost a year later, she filed suit against Southwest alleging interference and retaliation under the FMLA. Southwest removed the case to federal court.

The district court granted summary judgment to Southwest on DeVoss's FMLA interference claim, holding that DeVoss failed to make a prima facie showing of interference because she had not shown that she gave Southwest the required notice of her intent to take FMLA leave. In the alternative, the district court held that even if DeVoss had made a prima facie showing of interference, she was required, and had failed, to show that Southwest's proffered reason for terminating her employment was pretextual. The district court also granted summary judgment to Southwest on DeVoss's FMLA retaliation claim, finding that DeVoss had not offered any relevant facts that would enable a reasonable jury to find in her favor on a retaliation claim. DeVoss timely appeals.

2

No. 17-11462

## II.

## A.

DeVoss asserts that the district court erred in granting Southwest's motion for summary judgment on her FMLA interference claim after holding that DeVoss did not raise a genuine issue of material fact as to whether she provided Southwest with required notice of her FMLA leave.[1] We "review a district court's grant of summary judgment de novo, applying the same standards as the district court." *Hagen v. Aetna Ins. Co.,* 808 F.3d 1022, 1026 (5th Cir. 2015). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

The FMLA requires covered employers to grant covered employees up to twelve weeks of unpaid leave for certain qualifying reasons, such as the birth of a child or the occurrence of a serious health condition. *See* 29 U.S.C. § 2612(a)(1). To ensure employer compliance, the FMLA mandates that employees who take FMLA leave shall be entitled to restoration to their old positions. *Id.* § 2614(a). Additionally, the FMLA makes it unlawful for any employer to "interfere with, restrain, or deny" the exercise of any right provided under the FMLA. *Id.* § 2615(a)(1). For an employee to establish a prima facie FMLA interference claim, the employee "must show: (1) he was an eligible employee; (2) his employer was subject to FMLA requirements; (3) he was entitled to leave; (4) he gave proper notice of his intention to take FMLA

---

[1] DeVoss also asserts that this case involves an FMLA retaliation claim. However, in both the district court and here on appeal, DeVoss fails to provide any structured argument supporting the assertion that her FMLA retaliation claim is in any way distinguishable from her FMLA interference claim. As such, DeVoss has forfeited any separate claim of FMLA retaliation. *See Norris v. Casey*, 869 F.3d 360, 373 n.10 (5th Cir. 2017) (noting that failure to adequately brief an argument forfeits the claim).

No. 17-11462

leave; and (5) his employer denied him the benefits to which he was entitled under the FMLA." *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017).

At issue here is whether DeVoss raised a genuine issue of material fact as to whether she satisfied prong (4) of providing proper notice of her intent to take FMLA leave. The regulation implementing the FMLA "explicitly permits employers to condition FMLA-protected leave upon an employee's compliance with the employer's usual notice and procedural requirements." *Acker*, 853 F.3d at 789 (quoting *Srouder v. Dana Light Axle Mfg., LLC*, 725 F.3d 608, 614 (6th Cir. 2013)).

Southwest's FMLA policy requires that employees submit an FMLA application within fifteen calendar days of their receipt of an FMLA eligibility notice. The policy also requires that the employee provide 30 days' notice when FMLA leave is foreseeable, and, when it is not foreseeable, that the employee provide notice as soon as practicable but no later than two days following a return to work.

DeVoss received notice of Southwest's FMLA notification policy on at least five separate occasions during the course of her employment. The last notification was received just 15 days prior to the events giving rise to this lawsuit. On June 7, DeVoss notified Southwest that she would be missing four days of work, June 7–11, for personal illness. In response, on June 8, Southwest provided her with notice of her FMLA eligibility for serious health conditions and a copy of the company's FMLA notice policies. DeVoss never submitted an FMLA application pursuant to the eligibility notice received on June 8. On June 24, in the events that gave rise to this litigation, DeVoss called Southwest to invoke a commuter policy to avoid being assessed points for being late, and, when informed that the commuter policy did not apply to her circumstances, informed Southwest that she was calling in sick. Her employment was subsequently terminated after an internal investigation

No. 17-11462

concluded that she dishonestly characterized her inability to work during that phone call. The record does not contain evidence that at any point during her leave, or at any point during her termination proceedings, she ever gave Southwest notice of an intent to request FMLA leave, nor that she ever made any inquires as to how to proceed with requesting FMLA leave.

In response, DeVoss appears to argue that any failure on her part to give proper notice should be excused by Southwest's failure to follow its own procedures and provide her with another notice of her FMLA eligibility. The FMLA requires an employer to provide employees with notice of their FMLA eligibility "at the commencement of the first instance of leave for each FMLA-qualifying reason in the applicable 12-month period." 29 C.F.R. § 825.300(b)(1). However, in the record, DeVoss conceded that the illness for which she received notice of FMLA eligibility on June 8—sinusitis—was the same illness she claimed on June 24–26. As the district court correctly held, the only reasonable conclusion supported by the record is that the two absences both stemmed from the same qualifying reason of sinusitis. Therefore, regardless of how granularly the line for requiring new notifications of FMLA eligibility may be drawn under 29 C.F.R. § 825.300(b)(1), the notice provided to DeVoss on June 8 did not need to be re-issued on June 24. As such, the district court was correct to conclude that DeVoss has not raised a genuine issue of material fact as to whether she provided Southwest with the required notice to sustain an FMLA interference claim.

B.

DeVoss also asserts that the district court erred by holding, in the alternative, that even if DeVoss had provided Southwest with the required notice to make her prima facie case, she was still required, and failed, to raise a genuine issue of material fact as to whether Southwest's proffered

nondiscriminatory reason for terminating her employment was merely pretextual.

In resolving whether an FMLA claim requires a showing of discrimination, the nature of the claim is more important than the label it is given. To determine whether such a showing is required for an "FMLA interference" claim as the term is used by the parties in this case, it may be helpful to go back to the statute. Chapter 28 of U.S. Code Title 29 creates two distinct causes of action for employees under the FMLA: one that requires discriminatory intent on the part of the employer, and one that does not. The cause of action created in § 2614(a), which guarantees employees an entitlement to be restored to their position after going on FMLA leave, exists independent of any requirement that the employer act with discriminatory intent. Conversely, the cause of action created in § 2615(a), which prohibits employers from interfering with, or retaliating for, the exercise of FMLA rights, is understood to require showing that the employer had a discriminatory reason for the adverse employment action. *See Chaffin v. John H. Carter Co., Inc.,* 179 F.3d 316, 319–320 (5th Cir. 1999), *partially abrogated on other grounds by Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 146–49 (2000); *Cuellar v. Keppel Amfels, L.L.C.*, 731 F.3d 342, 349 (5th Cir. 2013) (Elrod, J., concurring) ("[C]laims that arise from the deprivation of an FMLA entitlement do not require a showing of discriminatory intent, whereas claims that arise from alleged retaliation for an employee's exercise of FMLA rights do.").

The "FMLA interference" claim described and asserted by DeVoss arises from the cause of action created by § 2615(a). DeVoss does not assert that she took FMLA leave and then was denied her entitlement to return to her position. Instead, she is asserting that Southwest fired her for taking (or attempting to take) FMLA-eligible leave before she ever went on such leave to

No. 17-11462

begin with.  Consequently, even if she had made her prima facie case, DeVoss would still be required to show that Southwest discriminated against her for exercising (or attempting to exercise) her FMLA rights.

Southwest asserts that its nondiscriminatory reason for terminating DeVoss was her dishonesty about being unable to work due to illness on the June 24 phone call.  In support of that reason, Southwest points to both a transcript of the phone call and the results of a subsequent internal investigation.  In a transcript of the phone call, DeVoss first attempted to invoke the commuter policy and, when informed the commuter policy would not apply because she had scheduled an improper flight, stated that she was instead calling in sick.  DeVoss was then transferred to a supervisor who confirmed that she was ineligible for the commuter policy, whereupon DeVoss asked how many attendance points she would accrue for a no-show versus a sick call and, when told that a no-show would accrue two and a half points, repeated that she was calling in sick.  The supervisor flagged the call as suspicious, and Southwest initiated an internal investigation.  That investigation included a review of the recorded phone call and a fact-finding meeting that DeVoss attended with a union representative.  The investigator ultimately concluded that DeVoss had been dishonest during the phone call and that her conduct warranted termination as a dishonesty violation under Southwest's flight attendant work rules.

For the purposes of an FMLA claim, what matters is not whether Southwest was objectively correct about DeVoss's dishonesty, but whether it had a good-faith belief that dishonesty existed, and that such belief was the basis for the termination.  *See Waggoner v. City of Garland*, 987 F.2d 1160, 1165–66 (5th Cir. 1993) (holding in discrimination cases that "the inquiry is limited to whether the employer believed the allegation in good faith and whether the decision to discharge the employee was based on that belief").  To

establish that the proffered nondiscriminatory reason is mere pretext, DeVoss must show that Southwest's explanation is false or "unworthy of credence." *Reeves*, 530 U.S. at 147. DeVoss cannot establish pretext solely by relying on her subjective belief that unlawful conduct occurred. *Price v. Marathon Cheese Corp.,* 119 F.3d 330, 337 (5th Cir. 1997).

DeVoss refers to several alleged procedural irregularities to support her contention that Southwest's proffered reason of dishonesty is merely pretextual.[2] *See Russell v. McKinney Hosp. Venture,* 235 F.3d 219, 224 (5th Cir. 2000) (reversing the grant of an employer's motion for judgment as matter of law in part based on evidence that the employer had not followed its own procedures requiring warnings). However, we hold that none of those arguments are convincing. One procedural irregularity alleged by DeVoss is that under Southwest's attendance policy, DeVoss would not have accumulated enough points to merit being fired for missing the three days of work on June 24–26. However, DeVoss was not fired for violations of the attendance policy; she was fired for dishonesty—an entirely separate grounds for dismissal. Another procedural irregularity alleged by DeVoss is that Southwest failed to adhere to its normal procedure when it did not issue DeVoss a second notification of FMLA eligibility after receiving a doctor's note excusing her from work. However, Southwest's policy is to provide notices of FMLA eligibility when an employee is actually scheduled to be absent for more than

---

[2] DeVoss additionally cites a litany of scholarship in support of the contention that Southwest should not be able to rely on its purported "honest beliefs" in receiving summary judgment. However, this argument misplaces the burden for proving pretext in an FMLA claim. As this court has noted, when a showing of discrimination is required and the employer articulates a legitimate, nondiscriminatory reason for the employment action, the burden shifts to the employee, who "must raise an issue of material fact that the employer's proffered reason was pretextual." *Caldwell*, 850 F.3d at 245.

three days, not merely when she provides a doctor's note potentially excusing her for more than three days.

As such, the district court was correct to conclude that even if DeVoss had made a prima facie showing for her FMLA interference claim, she was still required, and failed, to raise a genuine issue of material fact as to whether Southwest's proffered nondiscriminatory reason for terminating her employment was merely pretextual.

\* \* \*

We therefore AFFIRM the district court's summary judgment in favor of Southwest.[3]

---

[3] DeVoss also asserts on appeal that a magistrate judge erred in denying a motion to compel discovery during this case's proceedings before the district court. However, because we affirm the district court's summary judgment, the issue is moot, and we do not address it here.

No. 17-11462

HAYNES, Circuit Judge, concurring:

I concur in the judgment of the court, and I join the opinion with the exception of Section II.B.  Because we are affirming the district court's opinion on notice, I conclude it is unnecessary to reach the alternate ground for affirmance.