# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2020

Lyle W. Cayce
Clerk

No. 19-31013

Angie Scott-Benson,

*Plaintiff—Appellant*,

*versus*

KBR, Incorporated, incorrectly identified as KBR,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
2:18-CV-56

Before King, Graves, and Willett, *Circuit Judges*.
Per Curiam:[*]

Angie Scott-Benson filed this Title VII suit against her former employer, KBR, Inc., alleging claims of hostile work environment, retaliatory discharge, failure to hire, disparate impact, and gender discrimination. The district court granted summary judgment to KBR, and we affirm.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-31013

I

Scott-Benson was employed with KBR from 2013–2016.[1] During this time, Scott-Benson worked as a Health Safety and Environment (HSE) Inspector on a construction project in Waggaman, Louisiana.[2] While working on the Waggaman project, Scott-Benson's co-workers reported to KBR's Ethics Hotline that Scott-Benson was in a relationship with her HSE Supervisor, Danny Geisinger, and they believed she was receiving favorable treatment.[3] KBR commenced an investigation, and though the relationship was not substantiated, both were written up and advised to change their workplace conduct.[4] Scott-Benson then filed her first of two EEOC charges, alleging (1) sex discrimination because "co-workers accused [her] of being romantically involved with Danny Geisinger, Supervisor," and (2) retaliation because she had "informed corporate of a possible HIPPA violation" regarding her medical records.[5]

In November 2016, the Waggaman project ended, and Scott-Benson was laid off. Unbeknownst to KBR management, Tom Guidry, one of KBR's commissioning managers, attempted to create a new position, HSE Inspector, for Scott-Benson at the KBR project in La Porte, Texas.[6] Scott-Benson went to KBR's recruiting office on December 14, 2016 to apply for the HSE Inspector position, but the completed requisition for the HSE Inspector position was not submitted to HR until later that day. After

---

[1] **ROA.656, 658-59, 668, 938-44.**

[2] **ROA.656.**

[3] **ROA.601, 685–86, 903.**

[4] **ROA.496, 794.**

[5] **ROA.1390.**

[6] **ROA.669–70, 964–67.**

requisition was completed, HR notified Scott-Benson that she would need to apply for the position, and she submitted her resume.[7]  HSE Manager Keith Kluger subsequently learned of Guidry's requisition for the HSE Inspector position on the La Porte project and cancelled the requisition, determining that safety matters could be handled by current or incoming HSE staff.[8] Kluger also noted that, based on Scott-Benson's resume, her HSE career was brief and thus she was insufficiently experienced for the La Porte project.[9]

Scott-Benson alleges that she relocated to Texas for the La Porte project only to find out that the HSE Inspector position for which she claims she applied was given to Jason McCaskill, a man. McCaskill was, in fact, hired as an HSE Manager, not the cancelled HSE Inspector position, before Scott-Benson even allegedly applied for the HSE Inspector position. Scott-Benson filed her second EEOC charge, alleging that she was subject to sex discrimination as well as retaliation because KBR's failure to hire her on the La Porte project was in retaliation for her having filed her first EEOC charge against KBR.[10]

Scott-Benson sued KBR under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, alleging hostile work environment, retaliatory discharge, failure to hire, disparate impact, and gender discrimination.[11] Both sides filed motions for summary judgment. The district court granted

---

[7] **ROA.672, 977–78, 2131.**

[8] **ROA.923, 2083–87, 2131.**

[9] **ROA.923, 931–33, 984–90.**

[10] **ROA.1400.**

[11] **ROA.18–19.**

summary judgment to KBR's and dismissed with prejudice all of Scott-Benson's claims.[12]

## II

"We review a district court's grant of summary judgment de novo, applying the same standards as the district court." *DeVoss v. Sw. Airlines Co.*, 903 F.3d 487, 490 (5th Cir. 2018) (citation and internal quotation marks omitted). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute of fact is not "material" unless its resolution would affect the outcome of the case. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). When reviewing summary judgment decisions, we view the evidence and draw all justifiable inferences in the nonmovant's favor. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). But mere conclusory allegations are insufficient to defeat summary judgment. *Id.*

## III

On appeal, Scott-Benson raises seven issues; we address each in turn.

*First*, Scott-Benson argues that the district court erred in finding that she failed to exhaust administrative remedies on her hostile work environment claim.[13] Title VII requires employees to exhaust their administrative remedies before seeking judicial relief. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). Private sector employees satisfy this exhaustion requirement by filing an administrative charge with the EEOC. *Id.* at 788 n.6. The scope of a Title VII complaint is limited to the scope of

---

[12] **ROA.1874.**

[13] **Scott-Benson Br. at 20–25.**

the "EEOC investigation that 'can reasonably be expected to grow out of the charge of discrimination.'" *McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (citation omitted). Scott-Benson filed two EEOC charges. In the first, Scott-Benson states in the "Particulars" section of the intake form: "I have been discriminated against because of my sex, Female, and retaliated against in violation of Title VII." There is no allegation of a hostile work environment in this first EEOC charge. In her second EEOC charge, Scott-Benson states that she "filed an EEO complaint for sexual harassment/hostile work environment/retaliation/HIPPA." Scott-Benson is attempting to bootstrap her claim of a hostile work environment by reference to her first EEOC charge. Our review of the first charge reveals no reference to a hostile work environment. For this reason, we affirm the district court's dismissal of Scott-Benson's hostile work environment claim based on failure to exhaust.

*Second*, Scott-Benson argues that the district court erred in finding that she failed to exhaust her retaliation claim.[14] But the district court made no such finding. The district court instead dismissed her retaliation claim because it found that Scott-Benson failed to make out her prima facie case, as discussed below.[15]

*Third*, Scott-Benson argues that the district court erred in finding that KBR did not retaliate against her when it told her she did not have a job on the La Porte project.[16] To establish a claim for discriminatory failure to hire, a plaintiff must demonstrate that: (1) she was in the protected class; (2) she applied for and was qualified for the position sought; (3) she was not selected;

---

[14] **Scott-Benson Br. at 20–25.**

[15] **ROA.1864–67.**

[16] **Scott-Benson Br. at 2–3.**

No. 19-31013

and (4) after her rejection, another applicant not from the protected class was hired. *Hassen v. Ruston La. Hosp. Co., L.L.C.*, 932 F.3d 353, 356 (5th Cir. 2019). Once the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate reason for the employment action. *Id.* If the defendant makes this showing, the burden shifts back to the plaintiff to prove that the asserted reason is a pretext for the retaliation. *Id.* Although Scott-Benson is in the protected class, there was never a position open for which she alleges she applied. She never refuted the documentary evidence cancelling the requisition for the HSE Inspector position for the La Porte project. The district court further found that Scott-Benson was unqualified for the position for which she allegedly applied.[17] Our review of the record confirms that Scott-Benson was not qualified for the position, even assuming it existed (which it did not). We thus affirm the district court's dismissal of Scott-Benson's retaliation and failure-to-hire claim.

*Fourth*, Scott-Benson argues that the district court erred in finding that KBR did not subject Scott-Benson to disparate treatment when it filled the La Porte project position with Jason McCaskill, a man.[18] "Disparate-treatment discrimination addresses employment actions that treat an employee worse than others based on the employee's race, color, religion, sex, or national origin. In such disparate-treatment cases, proof and finding of discriminatory motive is required." *Pacheco v. Mineta*, 448 F.3d 783, 787 (5th Cir. 2006). As with her retaliation for failure-to-hire claim, Scott-Benson's disparate-treatment claim must fail also because there was no position for which she allegedly applied. Furthermore, her claim that Jason McCaskill was hired for the nonexistent position for which she allegedly

---

[17] **ROA.1871.**

[18] **Scott-Benson Br. at 27–30.**

applied is incorrect. The unrefuted documentary evidence establishes that Jason McCaskill was hired for an HSE Manager position, not the nonexistent HSE Inspector position. Finally, McCaskill was hired for the HSE Manager position *before* Scott-Benson allegedly applied for the nonexistent HSE Inspector position. For these reasons, we affirm the district court's dismissal of her disparate-treatment claims.

*Fifth*, Scott-Benson argues that the district court erred in finding that KBR did not subject her to a hostile work environment while she worked at the Waggaman project.[19] But because Scott-Benson failed to exhaust her hostile work environment claim, we need not address the merits. As such, we affirm the district court's dismissal of this claim.

*Sixth*, Scott-Benson argues that the district court erred by not ruling on KBR's motion in limine regarding the admissibility of hearsay managerial employee statements and the EEOC position statement.[20] A motion in limine is addressed to the admissibility—or not—of evidence at trial; it has no place in a motion for summary judgment. We find no evidence to support Scott-Benson's conclusory claim that the district court considered inadmissible hearsay evidence. In any event, it is irrelevant to this appeal, and we need not address the merits of this claim.

*Finally*, Scott-Benson objects to the magistrate judge's receipt of the declarations of current and former KBR employees[21] in considering the motion for summary judgment because the declarations were not produced

---

[19] **Scott-Benson Br. at 26–27.**

[20] **Scott-Benson Br. at 31–34.**

[21] KBR submitted four declarations from HSE employees Kluger, McCaskill, Guidry, and Janet Curfman, an employee at the Deer Park recruiting office. These declarations concern Scott-Benson's retaliatory failure to hire claims. **ROA.903–09, 931–24, 964–67.**

No. 19-31013

in discovery.[22] Federal Rule of Civil Procedure 56(c) permits a party moving for summary judgment to support or oppose motions through affidavits or declarations. Clearly, the declarations of KBR's former and current employees are precisely the kind of evidence that the Rule contemplates. No evidence in the record shows that Scott-Benson attempted to refute the substance of these declarations, as required by Rule 56. The district court has discretion to consider the declarations that KBR allegedly did not disclose in discovery if it finds that the failure to disclose was harmless. *See* FED. R. CIV. P. 37(c)(1). But even without these declarations, there was ample evidence in the record to support the dismissal of each and every one of Scott-Benson's claims.

For all these reasons, we AFFIRM summary judgment for KBR.

---

[22] **Scott-Benson Br. at 31–34; ROA.1219–33, 1288–99.**