# United States Court of Appeals for the Fifth Circuit

No. 23-20586
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2024

Lyle W. Cayce
Clerk

Ramey & Schwaller, L.L.P.,

*Plaintiff—Appellant*,

*versus*

Zions Bancorporation NA, *doing business as* Amegy Bank,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-2890

———————————————————

Before Dennis, Wilson, and Ramirez, *Circuit Judges*.
Per Curiam:[*]

   We are faced with a second appeal in this dispute between a borrower (R&S) and lender (Amegy) stemming from the Paycheck Protection Program (PPP). *See Ramey & Schwaller, L.L.P. v. Zions Bancorporation NA*, 71 F.4th 257 (5th Cir. 2023). For the reasons that follow, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20586

## I.

We need not beat a dead horse by repeating the factual background of this case at length. *Id.* Suffice it to say, on December 10, 2021, the district court issued an order resolving cross-motions for summary judgment filed by both parties. *Id.* at 261. The district court's order found Amegy was entitled to summary judgment and, consequently, (1) disposed of the various claims brought by R&S; (2) granted Amegy the remaining amount owed by R&S under the PPP loan, plus interest; (3) and awarded Amegy attorney's fees in the amount of $132,310.81 pursuant to the fee provisions in the agreement between Amegy and R&S. On December 13, the district court entered final judgment. The final judgment incorporated by reference the district court's December 10 order granting Amegy's motion for summary judgment. On January 6, 2022, R&S filed an opposed motion for stay of the district court's judgment, where it confirmed its understanding of the district court's judgment as follows: "Th[e] [district] [c]ourt entered Final Judgment on December 13, 2021 against [R&S] for $41,555.97 in compensatory damages and $132,310.81 in attorney's fees." On February 28, 2022, R&S filed its original notice of appeal, in which it appealed "all adverse opinions and orders—including, but not limited to, the Memorandum Opinion and Order issued on December 10, 2021 . . . forming the basis of the" district court's judgment.

We affirmed the district court's judgment in 2023. *Id.* at 264. We described the relief granted to Amegy as "summary judgment in favor of [Amegy] . . . and [an] award[] . . . [of] damages and attorney's fees." *Id.* at 261. After prevailing on appeal, Amegy applied for and was granted additional attorney's fees incurred on appeal in the amount of $81,488.00. R&S moved for our reconsideration of the award of additional fees, again recognizing that the district court had awarded Amegy attorney's fees. We denied that request for reconsideration.

No. 23-20586

On remand, the district court issued an Abstract of Judgment (Abstract) under Texas law in which the amount of the judgment was correctly shown as $173,866.78. That amount reflects the sum of the compensatory damages awarded to Amegy by the district court ($41,555.97) and attorney's fees awarded by the district court ($132,310.81). R&S filed an "Emergency Motion to Correct Abstract of Judgment" on September 15, 2023, which was denied on November 8, 2023. The next day, R&S filed a timely notice of appeal from the November 8 order. *See* Fed. R. App. P. 4(a)(1). In this appeal, R&S argues that the district court never awarded attorney's fees and that, in any event, Amegy is not entitled to attorney's fees.

## II.

Contrary to R&S's assertions on appeal, the district court awarded Amegy compensatory damages and attorney's fees and then entered final judgment dismissing R&S's lawsuit in December 2021. R&S filed an appeal with us in 2022, *only* raising arguments that challenged the award of compensatory damages. Notably, throughout the course of that appeal, R&S repeatedly recognized that the district court had awarded compensatory damages *and* attorney's fees. We affirmed the district court in 2023. Any challenge to the award of attorney's fees was forfeited at that time by failing to brief the issue, *see DeVoss v. Southwest Airlines Co.*, 903 F.3d 487, 489 n.1 (5th Cir. 2018), and R&S cannot raise a forfeited argument in a subsequent appeal.

Moreover, with respect to R&S's challenge to the Abstract itself, the district court's judgment awarded damages and fees by incorporating by reference the December 10, 2021, order. R&S's sole non-forfeited argument that the district court's Abstract does not substantially comply with § 52.003 of the Texas Property Code is therefore meritless.

No. 23-20586

## III.

For the foregoing reasons, the district court's November 8, 2023, order is AFFIRMED.