# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2024

Lyle W. Cayce
Clerk

No. 24-20125
Summary Calendar

———————

Paul Villalobos,

*Plaintiff—Appellant*,

*versus*

Clear Blue Insurance Company,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-2951

———————————————————

Before Jones, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

On summary judgment, the district court dismissed Plaintiff-Appellant Paul Villalobos's breach of contract claim following a coverage dispute between himself and his insurer, Defendant-Appellee Clear Blue Insurance Company. For the reasons that follow, we AFFIRM.

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20125

I

Villalobos is named on a Clear Blue homeowners' policy, which provides coverage for property located at 7503 Muirwood Lane in Houston, Texas (the "Property"). The policy's "Property Coverages" section states in pertinent part: "We cover . . . [t]he dwelling on the 'residence premises' shown in the Declarations." The policy defines "residence premises," also in pertinent part, as "[t]he one-family dwelling where you reside . . . on the inception date of the policy period shown in the Declarations." The Declarations page lists Villalobos as the insured, his mailing address as the Property, and the inception date as September 21, 2021.

In mid-November 2021, Villalobos reported to Clear Blue that wind and hail had damaged the Property's roof earlier that month. Clear Blue denied coverage after Villalobos admitted he lived in Colorado and had never resided at the Property—that admission meant the Property did not satisfy the "residence premises" requirement of the policy. Villalobos sued Clear Blue, alleging breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code, fraud, and ongoing conspiracy to commit illegal acts. During his deposition, Villalobos testified that he lived in Colorado for over nine years and did not reside at the Property when the Clear Blue policy went into effect. Clear Blue moved for summary judgment on Villalobos's claims, arguing there was no insurance coverage for Villalobos's property damage as a matter of law. In opposition, Villalobos argued his intent to move to the Property satisfied the policy's residence requirement or, at the least, created "a question of fact for the trier of fact regarding [Villalobos]'s residence" The district court granted summary judgment. Villalobos only appeals the

dismissal of his breach of contract claim.[1] We review a grant of summary judgment de novo, applying the same legal standards as the district court. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

## II

Applying Louisiana law, our court has previously determined that an identical residence requirement in a homeowners' insurance policy required "more than purchasing a home or intending to move into it." *GeoVera Specialty Ins. Co. v. Joachin*, 964 F.3d 390, 393 (5th Cir. 2020). Villalobos has offered no compelling reason why *Joachin* should not apply to the instant Texas law insurance coverage dispute, and, in fact, a panel of our court has already applied *Joachin* to this context, observing that "Louisiana law does not pertinently differ from Texas law with respect to interpreting insurance policies." *Askew Hunt v. Meridian Sec. Ins. Co.*, No. 24-10110, 2024 WL 4800201, at *1 n.1 (5th Cir. Nov. 15, 2024) (unpublished) (cleaned up). Applying *Joachin* here, we agree with the district court that the Property did not satisfy the policy's residence requirement and was not a covered "residence premises" because (1) it is undisputed that Villalobos did not reside on the Property on the inception date of the Clear Blue policy; and (2) Villalobos's only material argument on appeal is that he intended to move onto the Property. 964 F.3d at 393 (holding that "intending to move" is not enough). There is no coverage under the policy. Accordingly, Villalobos's breach of contract claim fails. The district court's judgment is AFFIRMED.

---

[1] The remaining claims are forfeited. *See DeVoss v. Sw. Airlines Co.*, 903 F.3d 487, 489 n.1 (5th Cir. 2018) (concluding that failure to brief a claim on appeal results in forfeiture).