# United States Court of Appeals for the Fifth Circuit

———————————

No. 25-20470
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2026

Lyle W. Cayce
Clerk

Jocelyn Moreno,

*Plaintiff—Appellant*,

*versus*

Dealer Integrated Services, L.L.C.,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-981

———————————————————————

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

In 2023, Dealer Integrated Services LLC ("DIS"), fired Jocelyn Moreno, a payroll accountant at the company. DIS knew Moreno was pregnant at the time. Moreno brought this suit against DIS, alleging she had been unlawfully dismissed because of her pregnancy and impending

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

maternity leave. The district court granted summary judgment for DIS. Moreno timely appealed. We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

DIS is a car dealership services company owned by Chad Roberts. At the time of Moreno's termination in June 2023, she had been employed by DIS for six years. Moreno was a payroll administrator for the company. She reported directly to her office manager, Deborah Devine, who in turn reported to Roberts. In her role as payroll administrator, Moreno trained and later worked with two other DIS employees, Valerie De la Cruz and Patricia Mauricio.

In April 2023, Moreno told Devine that she was pregnant and intended to take leave in September of that year. She requested two months of leave from Devine and Roberts, which Roberts promptly granted. No one from DIS, however, informed Moreno of her right to a full three months of leave under the Family and Medical Leave Act ("FMLA"). Moreno testified in her deposition that Roberts later told her that he would be unable to cover the three-month absence she was entitled to under the FMLA.

The parties agree that the office culture at DIS was "strained." Devine, according to Moreno, was the source of much of this strain. Moreno testified that her falling out with De la Cruz and Mauricio began with the pair learning how much she was paid. For its part, DIS submitted an affidavit by Roberts explaining that Moreno refused to communicate with Mauricio and De la Cruz, an essential function of her job. According to Roberts, Moreno would shut her door to her coworkers and respond only to Devine, her manager. In April, Mauricio resigned due to the work environment and was rehired to a position that did not involve working with Moreno.

From there, the situation worsened. Moreno refused to take on more payroll duties without a raise, resisted changes to the payroll process, and was

"aggressive and hostile" when asked to train Mauricio to fill in for her during her upcoming absence. In late June, Moreno secretly listened on the other side of a closed door to a private conversation between Devine and De la Cruz. Roberts learned of Moreno's eavesdropping and reprimanded her. At the end of June, matters came to a head when Mauricio and De la Cruz told Devine they would resign unless Moreno was fired, citing the unpleasant work environment. Roberts and Devine met with Moreno and informed her that she was being let go. In the meeting, according to Moreno, Roberts explained the decision thus: "[H]e wouldn't be able to . . . lose two employees and have me out as well."

In March 2024, Moreno sued DIS under Title VII of the Civil Rights Act and under the FMLA, claiming pregnancy discrimination, as well as a lack of proper notice of, interference with, and retaliation against her FMLA rights. The district court granted summary judgment for DIS on all of Moreno's claims. She timely appeals to this court.

## DISCUSSION

Moreno asserts the following claims in this lawsuit: (1) DIS discriminated against her on the basis of her pregnancy, in violation of Title VII of the Civil Rights Act; (2) DIS retaliated against Moreno's exercise of her FMLA rights; (3) DIS interfered with her rights under the FMLA; and (4) DIS failed to provide her with individualized notice of her FMLA rights. She argues the district court erred in granting summary judgment for DIS on all four claims because she "presented direct evidence that her protected status and exercise of FMLA rights were motivating factors in her termination."

We review the district court's grant of summary judgment *de novo*. *Catalyst Strategic Advisors, L.L.C. v. Three Diamond Capital SBC, L.L.C.*, 93 F.4th 870, 874 (5th Cir. 2024). Summary judgment will be granted "if the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

## I. Discriminatory Firing

Title VII of the Civil Rights Act forbids an employer from, among other things, firing an employee on the basis of their pregnancy. 42 U.S.C. §§ 2000e-2(a)(1), (k). The Act prohibits discrimination "because of" the prohibited basis or when the basis is "a motivating factor." 42 U.S.C. § 2000e-2(a)(1), (m). These two alternatives are known as the "but-for" and "mixed-motive" causation standards. *Adams v. Mem'l Hermann*, 973 F.3d 343, 352 (5th Cir. 2020). Under either standard, a "plaintiff can prove Title VII discrimination through direct or circumstantial evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345, 347 (5th Cir. 2007). Moreno asserts that she has provided both. We separately examine each.

### A. Direct Evidence

As direct evidence, Moreno relies on the statement of Jonathan Roberts, her boss, at the meeting where she was fired. He said: "[Y]ou're about to go on leave so . . . I can't lose two people when you're going to be taking a leave here soon." The district court found this statement "too attenuated" to be direct evidence of discrimination. We agree.

This circuit applies a four-part test to determine whether comments constitute direct evidence of discrimination: "whether the comments are (1) related to the plaintiff's protected characteristic; (2) proximate in time to the challenged employment decision; (3) made by an individual with authority over the challenged employment decision; and (4) related to the challenged employment decision." *Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, 778 F.3d 473, 476 (5th Cir. 2015).

No. 25-20470

The district court cited *Wallace v. Methodist Hospital System*, 271 F.3d 212 (5th Cir. 2001) to hold that Roberts's statement on leave failed the first part of the test — the statement was insufficiently related to Moreno's pregnancy. In *Wallace*, this court declined to credit as direct evidence a similar remark by the plaintiff's direct supervisor: "I don't know how to classify you because you were gone three months and now you'll be gone three months again." 271 F.3d at 222–23. The court explained that the supervisor's statement could only be linked to the plaintiff's pregnancy if the court inferred that the reference to leave was "code language." *Id.* The court declined to infer as much, adopting the reasoning of the Seventh Circuit that Title VII requires an employer to "ignore an employee's pregnancy, but . . . not her absence from work." *Id.* (quoting *Marshall v. Am. Hosp. Ass'n*, 157 F.3d 520, 526 (7th Cir. 1998)).

The district court correctly refused to make an inference previously rejected by this court. Roberts's statement is not direct evidence of Title VII discrimination.

### B.    *Indirect Evidence*

Moreno insists that she has shown a genuine dispute of material fact on whether her pregnancy was the cause of the firing through circumstantial evidence. This evidence is judged under the *McDonnell Douglas* burden-shifting framework.[1] *See Hager v. Brinker Tex., Inc.*, 102 F.4th 692, 699 (5th Cir. 2024).

---

[1] Moreno urges this court to abandon the *McDonnell Douglas* doctrine. According to Moreno, this circuit and the Supreme Court have engaged in a "purge[]" of "atextual doctrines" from Title VII case law, and *McDonnell Douglas* ought be the "next atextual doctrine to go." Many wise jurists have raised similar arguments. *E.g.*, *Awe v. Harris Health Sys.*, 163 F.4th 969, 975 (5th Cir. 2026) (Elrod, C.J., concurring) (joining "the resounding chorus calling for a reconsideration of *McDonnell Douglas*"); *Zadeh v. Robinson*, 902 F.3d 483, 498 (5th Cir. 2018) (Willett, J., concurring) (describing the "kudzu-like

No. 25-20470

The framework consists of three steps: (1) "a plaintiff must establish a *prima facie* case of discrimination"; (2) "the burden shifts to the defendant to produce evidence of a legitimate, non-discriminatory reason for its conduct"; and (3) "the burden shifts back to the plaintiff to show that this proffered reason is merely pretext for discrimination." *Id.* (citations omitted).

To show indirect evidence of discrimination under a mixed-motive theory, as Moreno asserts here, a plaintiff must at the third step "offer sufficient evidence to create a genuine issue of material fact that the defendant's reason, while true, is only one of the reasons for its conduct and that another motivating factor was the plaintiff's protected characteristic." *Stelly v. Dep't of Pub. Safety & Corr. La. State*, 149 F.4th 516, 525 (5th Cir. 2025) (quoting *Turner*, 476 F.3d at 347).

We assume without deciding that Moreno has made a *prima facie* case of discrimination. Proceeding to the second step, DIS has provided evidence of legitimate, non-discriminatory reasons for Moreno's termination: she refused to communicate with her coworkers in a job where communication was essential; she contributed to a "toxic" work environment that led two colleagues to threaten to resign; and she refused to carry out some of the responsibilities of her position. Therefore, in order to survive summary judgment, Moreno must create a genuine dispute of material fact as to whether 1) the reasons given were a pretext for discrimination or 2) a motivating factor for her discharge was her pregnancy. *See Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011).

---

creep" of qualified immunity law); *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 351–52 (5th Cir. 2019) (Costa, J., specially concurring) (quoting the "kudzu" language from *Zadeh*). Nonetheless, this panel is bound by our rule of orderliness and therefore must apply existing caselaw. *See Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016).

First, in order to meet her burden on pretext, Moreno must "put forward evidence rebutting each of the nondiscriminatory reasons the employer articulates." *See Fairchild v. All Am. Check Cashing, Inc.,* 815 F.3d 959, 967–68 (5th Cir. 2016) (quoting *Wallace*, 271 F.3d at 220). Sifting through Moreno's array of evidence, however, there is nothing that rebuts the nondiscriminatory reasons for her firing. Instead, Moreno's briefing and testimony seek to shift the blame for the circumstances that caused her firing to others. Moreno contends, citing her deposition, that another member of the office was the true wellspring of the "office toxicity and animosity" and she only stopped communicating with her colleagues because they gave her the "cold shoulder" first.

This evidence is not competent to negate DIS's second-step reasons. The issue is not whether Moreno's conduct was reasonable; rather, it is whether she was fired for that conduct as opposed to her protected basis. "Management does not have to make proper decisions, only non-discriminatory ones." *Bryant v. Compass Grp. USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005). In addition, despite Moreno's arguments to the contrary, nothing in evidence demonstrates that DIS's stated reasons for her firing were inconsistent or false.[2] Likewise, Moreno's assertion that other

---

[2] Moreno insists that DIS has offered shifting and inconsistent explanations for her termination. She cites to our case law holding that "disingenuous and inconsistent" explanations for negative employment decisions can be indicia of pretextual discrimination. *E.g.*, *Gee v. Principi*, 289 F.3d 342, 347–48 (5th Cir. 2002). Here, however, DIS's reasons for dismissing Moreno have been entirely consistent: Moreno refused to cooperate with her colleagues and was fired after the office atmosphere became untenable — so much so that two of her coworkers threatened to resign rather than work with her. Minor variations in explanation and emphasis in legal briefs are not evidence of discrimination.

Moreno's argument regarding the lack of documentation for her performance problems fails for the same reason. "[A] lack of contemporaneous documentation, alone, is not evidence of pretext; the employee must also demonstrate why the absence of documentation matters." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 240 (5th

employees regularly engaged in the same conduct without discipline is not supported by the record.  Moreno testified to hostile conduct by others in the workplace, but this evidence elides the key distinction: it is undisputed that two of Moreno's coworkers threatened to resign rather than work with her.  Moreno identifies no similar occurrences where DIS did not honor such threats.  Accordingly, Moreno has not met her burden to show a genuine dispute of material fact on pretext.

Second, in order to meet her burden to show her pregnancy was a motivating factor, Moreno must make, at minimum, "*some* showing that the protected characteristic was at least partially a motivating factor." *Stelly*, 149 F.4th at 525–26.  To satisfy this requirement, Moreno again gestures at the statement by her boss, Roberts, in the termination meeting: "[Y]ou're about to go on leave so . . . I can't lose two people when you're going to be taking a leave here soon."  Roberts was referring to two of Moreno's coworkers, De la Cruz and Mauricio, who intended to resign if she was not fired.  The statement is the expression of the choice between Moreno and her coworkers.  Again, we will not take the mention of her upcoming leave as code for her pregnancy.  *See Wallace*, 271 F.3d at 222–23.  At most, as discussed below, the statement could be taken as indirect evidence that Moreno's maternity leave, not her pregnancy, played a role in her firing.

Moreno also insists that her coworkers threatened to resign because of her maternity leave and, if not for her upcoming leave, their absence would not have posed a serious coverage problem.  As evidence, she cites her own deposition testimony — where Moreno admits she is speculating on this

_____

Cir. 2015).  There is no dispute as to the essential facts here: that there was a caustic workplace environment and that Moreno's coworkers threatened to resign over Moreno's contribution to it.  The absence of documentation on the individual incidents does not undermine those conceded reasons for her firing.

8

point. At her deposition, Moreno did not articulate the underlying factual basis for these speculations. This is inadequate. Subjective belief of discrimination alone is insufficient to meet a plaintiff's summary judgment burden. *See DeVoss v. Sw. Airlines Co.*, 903 F.3d 487, 492 (5th Cir. 2018). We agree with the district court that the record does not evidence that Moreno's coworkers threatened to resign because of her pregnancy. Moreno has not met her burden in the mixed motive analysis.

Under either standard of causation, Moreno did not present sufficient evidence that her pregnancy was the reason for her firing. The district court did not err in granting summary judgment for DIS on Moreno's Title VII claim.

## II. *Family Medical Leave Act*

The FMLA entitles eligible employees to twelve weeks of leave after the birth of their child. 29 U.S.C. § 2612. An employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise" that right. § 2615(a)(1). In addition, the FMLA and federal regulations require that employers provide notice to employees of their rights under the statute. § 2619(a); 29 C.F.R. § 825.300. Moreno brings three claims under the FMLA: 1) DIS retaliated against the exercise of her FMLA rights; 2) DIS interfered with her FMLA rights; and 3) DIS did not properly notify her of her rights.

### A.    *Retaliation*

Moreno argues that the district court erred in granting summary judgment on her claim that she was fired as retaliation for taking her FMLA leave. "To make a *prima facie* case of retaliatory discharge, the employee must show that (1) she engaged in a protected activity, (2) the employer discharged her, and (3) there is a causal link between the protected activity and the discharge." *Richardson v. Monitronics Int'l., Inc.*, 434 F.3d 327, 332

(5th Cir. 2005). In order to show a causal link, discriminatory intent may be proved either by direct or indirect evidence. *See Tatum v. S. Co. Servs., Inc.*, 930 F.3d 709, 713 (5th Cir. 2019). For the latter, we apply the same *McDonnell Douglas* burden shifting test.

Moreno contends that she has produced both direct and indirect evidence of discriminatory intent. Once more, Moreno relies on Roberts's statement that he could not "lose two people when [Moreno was] going to be taking a leave." Again, this is insufficient as direct evidence of discriminatory intent. "Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact (*i.e.*, unlawful discrimination) without any inferences or presumptions." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 958 (5th Cir. 1993). One clear meaning of Roberts's statement is that he had chosen Moreno's two coworkers over her. The statement is also evidence that he was aware of her impending leave when making that choice. An inference is required, however, to reach the conclusion that he fired Moreno *because* she had requested leave.

Next, Moreno insists she has presented evidence of pretext under the *McDonnell Douglas* test. She asserts the same evidence for this claim as her Title VII claim, and our analysis reaches the same outcome for the same reasons: Moreno has not provided sufficient evidence rebutting DIS's legitimate reasons for firing her. Accordingly, she cannot show a genuine dispute of material fact on pretext.

Last, Moreno contends that she is entitled to have her FMLA retaliation claim analyzed under the mixed-motive framework, and under that framework she has presented sufficient evidence to survive summary judgment. It is an open question in this circuit whether the mixed-motive standard continues to apply to FMLA retaliation claims in light of intervening Supreme Court precedent. *See Way v. City of Missouri City*, 133

F.4th 509, 525 n.26 (5th Cir. 2025); *Adams*, 973 F.3d at 353–54. We decline to decide that question here. Instead, we assume without deciding that the mixed-motive framework applies and that Roberts's statement is enough to create a genuine dispute of material fact as to whether Moreno's leave was a motivating factor in the decision to dismiss her.

*Richardson* explained that once a plaintiff provides enough evidence to create a fact dispute on whether "retaliatory animus" was a "motivating factor" in the adverse employment decision, there is a final shift of the burden to the employer to show sufficient evidence "to establish as a matter of law that it would have fired her despite any retaliatory motive." 434 F.3d at 336. The *Richardson* court described this final burden as equivalent to proving an affirmative defense. *Id.* at 333.

DIS has met that burden. DIS offered plentiful evidence that it would have dismissed Moreno even if she had not taken FMLA leave in order to remedy "such extreme interpersonal dysfunction that at least two other employees would rather lose their jobs than continue to work with her." There is not other evidence that diminishes the seriousness of that disruptive environment. Moreno does not dispute the existence of interpersonal dysfunction at DIS, only its cause. As was the case in *Richardson*, we here are convinced "the *only* reasonable conclusion a jury could make" is that DIS would have fired Moreno "with or without retaliatory animus." *See Richardson*, 434 F.3d at 336.

The district court did not err in granting summary judgment on Moreno's FMLA retaliation claim.

B.      *Interference*

Next, Moreno argues the district court erred in granting summary judgment on the claim that DIS interfered with her entitled maternity leave by discouraging her from taking a third month off. "To establish a *prima facie*

case of interference under the FMLA, a plaintiff must show[:] (1) she was an eligible employee; (2) her employer was subject to FMLA requirements; (3) she was entitled to leave; (4) she gave proper notice of her intention to take FMLA leave; and (5) her employer denied her the benefits to which she was entitled under the FMLA." *Way*, 133 F.4th at 523 (5th Cir. 2025) (alterations adopted) (quoting *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017)). In addition, the FMLA "provides no relief unless the employee has been prejudiced by [a] violation." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002). Here, Moreno has not provided sufficient evidence to create a genuine dispute on the essential element of her claim: prejudice.

Prejudice requires a showing of 1) "compensation and benefits lost 'by reason of the violation'"; 2) "monetary losses sustained 'as a direct result of the violation'"; or 3) "'appropriate' equitable relief, including employment, reinstatement, and promotion." *Id.* at 89 (quoting 29 U.S.C. § 2617). Here, DIS granted all the leave that Moreno requested. But even if it had not, the Tenth Circuit has reasoned that an employee is not prejudiced by an interference with forthcoming leave when they are discharged on other legitimate grounds before that leave commences. *See Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 1006–09 (10th Cir. 2011). We agree with that court's analysis. In other words, without evidence creating a genuine dispute on the legitimacy of her pre-leave firing, Moreno cannot show an interference with her rights under the FMLA.

The district court properly granted summary judgment on this claim.

C.    *Notice*

Last, Moreno asserts DIS failed to provide her with individual notice of her FMLA rights. We agree with the district court that even if DIS violated Moreno's right to notice, she cannot show prejudice from this violation for the same reasons discussed above: an employee is not prejudiced

No. 25-20470

under the FMLA by a lack of individualized notice when they are dismissed on legitimate grounds prior to their entitled leave.

AFFIRMED.